**ELLIS, GED & BODDEN, P.A.**
1101 Richmond Avenue
Point Pleasant, New Jersey 08742
(732) 892-5161
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM BUFF AND NANCI BUFF,<br><br>　　　　Plaintiffs,<br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>　　　　Defendant. | *Document Filed Electronically*<br><br>Civil Action No.: _____<br><br>**COMPLAINT FOR<br>DECLARATORY JUDGMENT AND<br>OTHER RELIEF** |

　　Plaintiffs, WILLIAM BUFF AND NANCI BUFF, by and through their attorneys, Ellis Ged & Bodden, P.A., file this Complaint for Declaratory Judgment and other relief, and state as follows:

**NATURE OF ACTION**

　　1.　The relief sought by Plaintiffs in this action is in the nature of a declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201.

　　2.　Plaintiffs seek a declaration that they are entitled to coverage, compensatory damages and other relief arising out of Defendant's handling of a flood claim stemming from the 2012 storm known as "Superstorm Sandy" and the ongoing breach of Defendant's contractual obligations under a certain Standard Flood Insurance Policy issued to the Plaintiffs.

3. Plaintiffs' real and personal property are insured against physical damage by or from flood by the Defendant pursuant to the National Flood Insurance Program with said insured property located at 8 Mann Court, Monmouth Beach, NJ (hereinafter referred to as "the Insured Property").

4. This action is brought within the one-year suit limitation period as mandated under the NFIP.

5. An actual case and controversy of a justiciable nature exists between Plaintiffs and Defendant involving the rights and obligations of the parties under the policy of insurance issued to Plaintiffs and this controversy may be resolved by this Court.

## THE PARTIES

6. At all relevant time period, Plaintiffs were and still are owners of the Insured Property.

7. At all relevant time periods, Defendant was a "Write Your Own" ("WYO") insurance company or entity participating in the National Flood insurance Program pursuant to the National Flood Insurance Act ("NFIA") as amended, 42 U.S.C. § 4001, et seq. Defendant issued Standard Flood Insurance Policies in its own name as a fiscal agent of the United States federal government. Pursuant to 44 C.F.R. Sections 62.23(d) and (i)(b), Defendant was and is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Standard Flood Insurance Policy that forms the basis for this action.

## JURISDICTION

8. This action arises under the NFIA, federal regulations and federal common law, and the flood insurance policy that Defendant procured for and issued to Plaintiffs in its capacity as a WYO carrier under the Act. The Policy covered loss to Plaintiffs' property, which is located in this judicial district.

9. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 4053 and 42 U.S.C. § 4072, which grant the United States District Court original exclusive jurisdiction to hear and determine an action involving a disallowance or partial disallowance by the Defendant of Plaintiffs' covered flood insurance claim, without regard to the amount in controversy.

10. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

## VENUE

11. Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391, 28 U.S.C. § 4053 and 42 U.S.C. § 4072, because Plaintiffs' property is located in this judicial district and a substantial part of the events at issue took place here, namely the disallowance or partial disallowance of Plaintiffs' covered flood insurance claim.

## BACKGROUND AND CLAIM IN DISPUTE

12. Plaintiffs purchased a Standard Flood Insurance Policy issued by Defendant bearing policy number 1803423316, effective to ("the Policy"). The coverage limits for property damage includes $250,000 in Building Coverage with a

$2,000 deductible. A copy of the declarations page from the Policy is annexed as **Exhibit A.**

13. Plaintiffs paid all premiums when due and, at all times relevant to this action, the Policy was in full force and effect.

14. On or about October 29, 2012, wind and flooding from Super Storm Sandy caused catastrophic losses across the entire State of New Jersey, destroying whole communities along the State's densely populated coastline.

15. As a result of Sandy, Plaintiffs suffered losses by or from flood to the Insured Property. Plaintiffs have incurred and /or will incur significant expenses to repair and replace their flood-damaged property.

16. Before, during, and after Sandy, Plaintiffs took all reasonable and necessary measures to inspect and maintain the Insured Property.

17. Subsequent to the October 29, 2012 flood loss, Plaintiffs promptly reported the flood damage described herein to Defendant and submitted a claim seeking payment for the damage.

18. Plaintiffs duly performed and fully complied with all of the conditions of the Policy.

19. Defendant unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied or unfairly limited coverage and payment on Plaintiffs' claims.

20. Plaintiffs retained independent experts to evaluate the damages to their Insured Property caused by and from flood. The experts determined and found conclusive evidence that the flood event critically damaged Plaintiffs' covered property.

These damages were thoroughly documented with an estimate (*see* **Exhibit B**) and photgraphs of the Insured Prperty (*see* **Exhibit C**) that were submitted to Defendant for review.

21. A sworn Proof of Loss has been provided to Defendant supporting the amount of Plaintiffs' property damage loss. *See* **Exhibit D**.

22. Defendant has unfairly and improperly persisted in denying Plaintiffs' claim.

23. Despite the evidence of damage provided by the Plaintiffs, Defendant has, without any reasonable basis, continuously disputed its coverage obligations, attempted to limit coverage under the Policy and/or threatened to deny coverage for this claim, which is a breach of the insurance contract.

24. Defendant's failure to fully indemnify the Plaintiffs for damage sustained to the Insured Property constitutes a breach of contract.

25. To date, Plaintiffs have not been paid for the full value of their Storm Sandy related property losses. As a result of the Defendant's breach of contract, the Plaintiffs have been damaged in an amount to be determined at the trial of this action.

## COUNT ONE
### (Declaratory Judgment)

26. The allegations contained in the prior paragraphs are hereby re-alleged and incorporated as if set forth verbatim herein.

27. Defendant, in exchange for good and valuable consideration, duly executed, issued and delivered to Plaintiffs the Policy as described above.

28. Under the terms of the Policy, Defendant agreed to cover and pay Plaintiffs for direct physical loss to the Insured Property by or from flood.

29. The damages to the Insured Property were factually and proximately caused by or from flood and are therefore covered under the terms of the Policy.

30. Plaintiffs are entitled to all benefits provided by the Policy, including payment for direct physical loss to the Insured Property by or from flood.

31. Plaintiffs have requested that Defendant fulfill its obligations to investigate, adjust and pay in full the costs related to and stemming from this storm-related loss.

32. Plaintiffs have a reasonable expectation of coverage and are entitled to have the Policy interpreted in the manner that maximizes coverage.

33. Plaintiffs expended substantial premiums to purchase flood coverage and have complied with all applicable Policy conditions.

34. Plaintiffs have paid the aforementioned premiums and, at no time prior to the institution of this action, has Defendant ever advised or notified Plaintiffs that any premiums were outstanding, that coverage had not been placed with Defendant, or that the Policy had been voided.

35. All actions taken by Plaintiffs with respect to the flood damage claim have been reasonable, and Plaintiffs have not done anything that would prejudice the Defendant's ability to fulfill its contractual obligations.

36. All conditions precedent to recover under the Policy have been performed, waived or have already occurred.

37. Defendant has failed to honor and repudiated their contractual obligation or has disputed their obligation to pay the full value of the covered claim and has further

disclaimed any obligation to pay, despite Plaintiffs' request that it do so. Plaintiffs have suffered harm and damages as a direct result.

38. Defendant has no reasonable basis for limiting or withholding, or threatening to limit or withhold coverage under the Policy

39. The rights, status and other legal relations of Plaintiffs and Defendant under 28 U.S.C. § 2201 are uncertain and the entry of declaratory judgment by this Court will resolve the uncertainty and controversy that have given rise to this proceeding.

**WHEREFORE,** Plaintiffs demand judgment against Defendant for declaratory relief, monetary judgment in an amount to be determined at the trial of this action, prejudgment interest, attorney's fees, costs of suit, and such other and further relief, including any appropriate equitable relief, as the Court may deem just and proper.

## COUNT TWO
### (Breach of Contract)

40. The allegations contained in the prior paragraphs are hereby re-alleged and incorporated as if set forth verbatim herein.

41. Plaintiffs and Defendant entered into a valid and binding contract whereby Defendant promised and has a duty to provide insurance for all physical damage caused by flood to the Insured Property in exchange for Plaintiffs' payment of premiums and fulfillment of certain other conditions contained in the Policy.

42. Plaintiffs fully performed under the contract by paying all premiums when due and cooperating with Defendant with respect to this claim.

43. Plaintiffs complied with all relevant conditions precedent required to obtain insurance coverage under the Policy.

44. In breach of the Policy, Defendant has failed and/or refused to compensate Plaintiffs for the full value of the damage to the Insured Property and related covered losses as required pursuant to the terms of the Policy.

45. Defendant failed to perform and materially breached the Policy when it wrongly disclaimed coverage and refused to reimburse the Plaintiffs the amount owed for covered storm-related damages to the Insured Property.

46. Plaintiffs' remedy for a breach of the contract is against their issuing insurance company, rather than against FEMA or any other agency or representative of the federal government.

47. As a direct and proximate result of the aforesaid breaches of contract, Defendant has deprived Plaintiffs of the benefit of the insurance coverage for which they have paid substantial premiums.

48. As a direct and proximate result of the above breaches, Plaintiffs suffered harm and ascertainable damages in an amount to be determined at the trial of this action.

49. By virtue of its various breaches of contract, including its failure to fully reimburse Plaintiffs for their covered losses, Defendant is liable to and owes Plaintiffs for the actual damages sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the Insured Property, together with interest and all other damages Plaintiffs may prove as allowed by law.

**WHEREFORE,** Plaintiffs demand judgment against Defendant for declaratory relief, monetary judgment in an amount sufficient to fully compensate and make Plaintiffs whole for full repair and/or replacement of the existing damages to the Insured Property as reflected in the reports and documents submitted in support of Plaintiffs'

claim, prejudgment interest, attorney's fees, costs of suit, and such other and further relief, including any appropriate equitable relief, as the Court may deem just and proper.

**ELLIS, GED & BODDEN, P.A.**
Attorneys for Plaintiffs

By:_____
Verne A. Pedro
C. Glen Ged
Marius J. Ged

Dated: November 10, 2014